# EDWIN HARRISON *v.* THE ARKANSAS VALLEY RAILWAY CO., *et al.*

### (*U. S. Circuit Court, Eastern District of Missouri.*)

1. CORPORATION—SALE OF STOCK BELOW PAR. A corporation may dispose of its stock for less than its face value and the transaction, as between the corporation and the purchaser, will be valid, unless prohibited by statute, and there is no such prohibition in Colorado.

2. STOCKHOLDERS—CONTRIBUTION—PRACTICE. Where the plaintiff in a suit against one corporation was a stockholder in another, and in the latter capacity, with other stockholders, liable to contribute to the defendant in case the defendant pays the debt: *Held*, no decree for contribution could be rendered against the plaintiff alone in the present suit, for want of proper parties and appropriate pleadings, and that defendants may be decreed to pay the debt to plaintiff and then institute proceedings against plaintiff and other stockholders to enforce contribution.

3. CORPORATIONS—CONSOLIDATION OF SEVERAL—LIABILITY OF CONSOLIDATED COMPANY. Where several corporations are united in one and the property of the old companies vested in the new, the latter is liable in equity for the debts of the former, at least to the extent of the property received from them, and if it is also liable at law, the latter remedy is not exclusive.

The plaintiff Harrison is the holder of twenty bonds of the Arkansas Valley Railway Company, guaranteed by the Kansas Pacific Railway Company, on which he brought his action at law in this Court to recover judgment against the Union Pacific Railway Company, alleging that the latter company is responsible upon said bonds as successor in liability under a contract of consolidation between said two last named companies, and certain statutory provisions concerning the same. The said railway companies brought their bill in equity to enjoin the plaintiff Harrison from further prosecuting his action and from negotiating said bonds, and also asking for an accounting between Harrison and the Arkansas Valley Railway Company for interest paid by said company to Harrison as well as for a surrender of the bonds so guaranteed, and of two Clay county bonds alleged to be held by him. The plaintiff Harrison filed a cross-bill, praying alternate relief as follows:

*First*—If the Court holds that the Union Pacific Railway Company is liable directly to Harrison, that the injunction be dissolved and he be permitted to proceed with his action.

*Second*—If, on the other hand, the Court holds that the company is liable only to the extent of the property received from the Kansas Pacific Railway Company, then that the trust be fastened on that property, and for a discovery as to its character, identity and present value.

The material facts with respect to the twenty bonds sued on are as follows:

*First*—In 1873 the Arkansas Valley Railway Company was a corporation existing under the laws of Colorado, and had authority to construct a railroad commencing on the line of the Kansas Pacific Railway at Kit Carson and extending to Pueblo.

*Second*—The construction of this line was regarded as of great importance to the prosperity and success of the Kansas Pacific Railway Company, to whose line it would become a feeder.

*Third*—In order to accomplish this object, bonds were issued by the Arkansas Valley Railway Company, and guaranteed by the Kansas Pacific Railway Company, and it was agreed by the former company that anyone subscribing to the scheme $7,500 should receive $10,000 first mortgage bonds of the Arkansas Valley Railway Company, guaranteed by the Kansas Pacific Company, $1,000 of Clay county municipal bonds, and stock of the Arkansas Valley Railway Company $7,500, amounting to $18,500 nominal value, in consideration of a cash payment of $7,500.

*Fourth*—Harrison then being a director in the Kansas Pacific Railway Company, and that company being a stockholder in the Arkansas Valley Company, subscribed to the scheme $15,-000, and accordingly became entitled to and did receive $20,-000 of the bonds guaranteed by the Kansas Pacific Company, $15,000 stock in the Arkansas Valley Railway Company, together with $2,000 Clay county bonds.

*Fifth*—The railroad bonds were secured by mortgage upon the road, and when default in payment of interest had occurred, the trustees in the mortgage sold out the road and its belongings, and the proceeds were divided out among the bondholders, including Harrison, who credited on his bonds the sum he received.  The allegations of the cross-bill with re-

spect to the consolidation, in so far as it is deemed necessary to state them, are to be found in the opinion of the Court.

The case is before the Court on demurrer to the cross-bill of Harrison, which, it is conceded, presents all the material facts.

McCRARY, Circuit Judge.

The intention of the Arkansas Valley Railway Company was to sell the stock to Harrison for less than its par value, *i. e.,* to give him $15,000 in stock, twenty bonds of the company guaranteed by the Kansas Pacific Company, and the Clay county bonds, all for $15,000 in cash. There is nothing in the statutes of Colorado, where the corporation was created, to forbid the sale of stock at less than par, nor was Harrison forbidden to purchase the stock by reason of the fact that he was already a stockholder and director in the Kansas Pacific Railway Company. The transaction was, therefore, valid as between the corporation and Harrison, whatever the rights of the creditors of the corporation as against Harrison may be. *Scovill* v. *Thayer,* 104 U. S.

Such being the case, it cannot be said that Harrison obtained the bonds without consideration. He bought all the securities above mentioned for $15,000 in cash, and although the face value of the securities purchased is much more than $15,000, it does not follow that they were intrinsically worth more than that sum, and, in fact, the cross-bill alleges and the demurrer admits that they were not intrinsically, nor in the market, worth the sum paid for them. It is, at all events, clear that the owner of such paper is at liberty to sell it at any price he pleases, unless prohibited by statute. The Kansas Pacific Company is bound by its guaranty of said twenty bonds. The pecuniary interest which that company had in the Arkansas Valley Company, and in the construction of the road from Kit Carson to Pueblo, was a sufficient consideration for the guaranty. It follows that Harrison may recover upon the bonds, unless the railway company has shown some sufficient defense in equity. It is said, and it is true, that if the Union Pacific Railway Company is compelled to pay the sum due on these twenty bonds, it will have the right to recover from the

stockholders of the Arkansas Valley Company, including Harrison, to the extent of their unpaid stock in that corporation. But, in this case, there can be no decree for contribution, because the necessary parties are not before us, and the pleadings are not framed with a view to such a decree. If the Union Pacific Company is liable for the sum claimed by Harrison, it must make payment, and then proceed against the stockholders, including Harrison, for contribution.

Our conclusion is, that no sufficient defense, either at law or in equity, to the bonds in question has been shown, and that, as against the Arkansas Valley Company, the maker, and the Kansas Pacific Company, the guarantor, of said bonds, the plaintiff Harrison has a good cause of action.

The remaining questions are, what is the extent of liability of the Union Pacific Company, and what measure of relief is Harrison entitled to against it? The parties are now in a Court of equity, and if their rights can be determined by a decree in the present case, that is sufficient for our present purpose. It may be that there is a right of action at law against the consolidated company, but, if so, we think it is not exclusive. If a creditor of the original corporation sees fit to proceed in equity to subject the property of that corporation in the hands of the consolidated company, he has a clear right to do so.

By the articles of consolidation, it is expressly provided, that

" Nothing herein shall prevent any valid debt, obligation or liability of either constituent company from being enforced against the property of the proper constituent company, which, by force of these articles, becomes the property of the consolidated company."

The cross-bill alleges and the demurrer admits, that the consolidated company has received from the Kansas Pacific Company all its property, amounting to more than $10,000,000, and that the original corporation has practically ceased to be, and is merged in the consolidated company, having now no officers upon whom service can be made, and no property out of which an execution can be satisfied. We are of the opinion, that, under such circumstances, the consolidated corporation is liable in equity for the debts of the original corpo-

ration, at least to the extent of the value of the property received from it. If the new corporation admits (as it does by its demurrer in this case) that it has received and converted to its own use the property of the original corporation, to an amount largely in excess of the sum claimed, no inquiry is necessary, and relief may be had in the form of a decree for the sum due. If this be denied (as it may be by an answer) the Court will hear the proof, and in that case it would become the duty of the Union Pacific Railroad Company to answer the interrogatories embodied in the cross-bill.

The demurrer to the cross-bill is overruled, and if the Union Pacific Company stands upon the demurrer, there will be a decree for the sum due upon the bonds, without prejudice to the right of the said company, to proceed against the stockholders of the Arkansas Valley Railway Company, including Harrison, to compel contribution. We do not determine the question whether a creditor of the Kansas Pacific Company may maintain an action at law against the Union Pacific Company to recover his debt. The correct determination of that question depends somewhat upon the construction of certain statutes, State and Federal, some of which are not before us, and its decision is not necessary in the present case.

TREAT, District Judge, concurs.

*Dyer & Ellis, George M. Block,* for Harrison.

*J. P. Usher* and *H. D. Wood,* for Railroad Company.